William J. Began, S.
This proceeding results from a previous decision (57 Mise 2d 220) of this court wherein it was stated that withdrawals of waivers to the probate of the will of the above decedent must be made by separate application rather than by a mere formal request for such withdrawal.
The will of decedent, dated January 7, 1966, was filed in this court for probate on January 25, 1968. Prior to such filing waivers were forwarded to nine adult distributees. Five waivers were executed prior to January 25, 1968 and four between that date and. January 31. The tenth distributee is an infant and appears by a guardian ad litem who has evidenced an unequivocal intention of filing objections and requesting a jury trial.
One of the adult distributees takes no further action. The other eight have filed separate petitions praying for permission to withdraw their waivers and these applications are herein being considered.
The petition of Lloyd Bissell recites that he did consult with Baymond T. Miles, an attorney, with reference to the waiver and that he executed such waiver on January 23, 1968 before said attorney as notary public, but indicates that it was merely a conditional waiver. In view of the fact that he did have legal counsel and inasmuch as said counsel was familiar with the will of the decedent, the court will deny permission to Lloyd Bissell to withdraw his waiver.
As for the other distributees, only one resides in this area. The others are scattered from Otsego County, New York, to Scars- *247 dale, New York, Maryland, Pennsylvania, Rhode Island and Florida.
Each of the petitioners refers in his application to his individual understanding that the word “ distributee ” in common layman’s usage meant that he shared in the estate. Several of these waivers were executed before the actual filing of the will and no word was volunteered by the attorneys seeking the waivers as to the contents of said will.
In this court’s previous decision it was stated that the court was not satisfied as to the extent to which misrepresentation, fraud, mistake, misunderstanding, etc., would be necessary to permit the withdrawal of a waiver. Most of the cases on this subject which deny withdrawals of waivers are based on applications made after probate was decreed.
The court believes that an opportunity should be given to the applicants to withdraw their waivers, as it appears not to be prejudicial to anyone and a will contest is inevitable, in any event.
Therefore, the applications of Elizabeth Warren Bissell, Eleanor Bissell Wheeler, Helen Bissell Almy, Howard Dodge, Howard Bissell, Jr., Robert Dodge and Jeanette Goodyear are granted. The petition of Lloyd Bissell is denied.
Within 30 days from the date of the order embracing this decision, objections must be filed.